IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:04CR00117 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JOVAN L. MANNING, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

This case is presently before the court on defendant Jovan L. Manning's motion for reduction of sentence pursuant to the First Step Act of 2018. On January 9, 2020, the motion was stayed pending a decision by the United States Court of Appeals for the Fourth Circuit in United States v. Gravatt, No. 19-6852. The Fourth Circuit has since issued its opinion. See Gravatt, 953 F.3d 258 (4th Cir. 2020). For the following reasons, Manning's motion will be denied in part and dismissed as moot in part.

On April 7, 2005, a grand jury in the Western District of Virginia returned a multi-count superseding indictment against Manning. On April 12, 2005, Manning entered pleas of guilty to Counts One and Two of the superseding indictment. Count One charged Manning with conspiracy to distribute more than 50 grams of a mixture or substance containing cocaine base, and more than 5 kilograms of a mixture of substance containing cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Count Two charged Manning with possession with intent to distribute a mixture or substance containing more than 500 grams of cocaine powder, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

At the time of Manning's indictment, 21 U.S.C. § 841(b)(1)(A) mandated a term of imprisonment of 10 years to life and a term of supervised release of at least 5 years for a

violation of § 841(a)(1) involving 50 grams or more of a mixture or substance containing cocaine base or 5 kilograms or more of a mixture or substance containing cocaine powder. Thus, for the offense charged in Count One, Manning was subject to a statutory sentencing range of 10 years to life imprisonment and at least 5 years of supervised release.

At the time of sentencing on July 6, 2005, Manning was held accountable for at least 50 kilograms of cocaine powder. With a total offense level of 33 and a criminal history category of V, the recommended range of imprisonment under the United States Sentencing Guidelines was 210 to 262 months. The court sentenced Manning to a term of imprisonment of 228 months, to be followed by a 5-year term of supervised release.

In 2015, Manning received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. The court reduced Manning's term of imprisonment to 182 months.

In 2019, Manning filed the instant motion for reduction of sentence under the First Step Act of 2018. Section 404 of the First Step Act permits courts to retroactively apply the statutory penalties modified by the Fair Sentencing Act of 2010. See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). In particular, Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404, 132 Stat. at 5222. The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220;

124 Stat. 2372), that was committed before August 3, 2010." Id. Section 2 of the Fair Sentencing Act "increased the quantity of cocaine base required to trigger the statutory penalties in [21 U.S.C. §] 841(b)(1)(A) from 50 grams to 280 grams." United States v. Jackson, 952 F.3d 492, 496 (4th Cir. 2020). "It left the statutory minimum sentences for powder cocaine untouched." Gravatt, 953 F.3d at 260.

In the pending motion, Manning specifically sought to reduce his term of imprisonment to time served. However, before the court ruled on the motion, Manning was released from prison and began serving his 5-year term of supervised release. As a result, Manning's request for a shorter prison sentence was rendered moot. See United States v. Holloway, No. 19-1035, 2020 U.S. App. LEXIS 13276, at *8 (2d Cir. Apr. 24, 2000) ("Holloway has already been released from prison, so it is too late to reduce his prison sentence. With respect to his request for a lower prison term, his appeal is therefore now moot."); see also United States v. Wright, 787 F. App'x 69, 70–71 (3d Cir. 2019) (affirming the district court's order dismissing as moot the defendant's motion for a reduction of his term of imprisonment).

The court liberally construed Manning's motion to also request a reduction of his term of supervised release. Because Manning was charged with conspiring to distribute both cocaine base and cocaine powder, the court stayed consideration of this request pending the Fourth Circuit's decision in Gravatt. In Gravatt, the Fourth Circuit held that a defendant "was convicted of a 'covered offense' [for purposes of the First Step Act] where he was charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine." Gravatt, 953 F.3d at 264. Nonetheless, the Fourth Circuit emphasized that "statutory mandatory minimum terms remain in effect for certain drug offenses," and that even if "a defendant's sentence involves a covered

offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements." Id. at 264 n.5.

Here, as indicated above, Count One charged Manning with conspiring to distribute more than 50 grams of a mixture or substance containing cocaine base, and more than 5 kilograms of a mixture of substance containing cocaine powder. When the Fair Sentencing Act is retroactively applied in Manning's case, the new mandatory minimum term of supervised release for the cocaine base offense is 4 years. See 21 U.S.C. § 841(b)(1)(B) (setting forth the statutory penalties applicable to offenses involving 28 grams or more of a mixture or substance containing cocaine base). However, "the Fair Sentencing Act did not amend the penalties in 21 U.S.C. § 841(b)(1)(A)(ii) regarding powder cocaine." Gravatt, 953 F.3d at 263. Thus, Manning remains subject to a mandatory minimum term of supervised release of "at least 5 years" for conspiring to distribute 5 kilograms or more of cocaine powder. See 21 U.S.C. § 841(b)(1)(A). Consequently, the court is not authorized to reduce Manning's 5-year term of supervised release.

For these reasons, Manning's motion for reduction of sentence will be denied with respect to his term of supervised release. The motion will be dismissed as moot to the extent that Manning sought to have his term of imprisonment reduced to time served.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, and the United States Probation Office.

DATED: This __3rd__ day of June, 2020.

*/s/ Glen Conrad*
Senior United States District Judge